Paul L. Kattas, Esq.
Joseph A. Boyle, Esq.
Jacob J. Miles, Esq.
KELLEY DRYE & WARREN LLP
200 Kimball Drive
Parsippany, New Jersey 07054

Attorneys for Plaintiff
Forest City Services, Inc.

FILED
SEP 7 2006
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT
OF FEDERAL CLAIMS

| | |
|---|---|
| Forest City Services, Inc.<br>Plaintiff,<br>v.<br>United States of America,<br>Defendant. | NO. 06-627 T<br><br>COMPLAINT |

Plaintiff Forest City Services, Inc. ("Plaintiff"), by and through its attorneys, Kelley Drye & Warren LLP, for its Complaint against defendant United States of America ("Defendant"), herein alleges as follows:

1. Plaintiff brings this action under sections 6532 and 7422 of the United States Internal Revenue Code (the "Code") (26 U.S.C. §§ 6532 and 7422), for recovery of: (i) federal communications excise tax Plaintiff paid to Defendant United States of America with respect to the taxable quarter ended September 30, 2000 through the taxable quarter ended September 30, 2004 and (ii) statutory interest on such overpayment of tax.

## THE PARTIES

2. Plaintiff, now known as TG Sub 5, Inc., is a corporation organized under the laws of the State of Ohio, with its principal place of business located in Cleveland, Ohio. Plaintiff's address is 50 Public Square, Suite 1360, Cleveland, Ohio 44113.

3. For purposes of reporting to the United States Internal Revenue Service (the "IRS"), Plaintiff's Employer Identification Number is 34-1749015, which is reflected on all returns and claims described below.

4. Plaintiff was formerly a subsidiary of Forest City Trading Group, Inc. On November 12, 2004, Forest City, LLC, acquired most of the assets and most of the liabilities of Forest City Trading Group Inc. and its subsidiaries pursuant to an asset purchase agreement. A copy of the Asset Purchase Agreement is attached hereto as Exhibit A.

5. Defendant is the United States of America.

6. The actions complained of herein were taken by representatives of the Commissioner of Internal Revenue.

## JURISDICTION AND VENUE

7. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1346(a)(1).

8. Venue is proper pursuant to 28 U.S.C. § 1346(a)(1), which states that the district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected.

## RELIEF SOUGHT

9. Plaintiff seeks to recover an overpayment of federal communications excise tax, together with interest as provided by law.

10. Plaintiff paid the communications excise tax at issue during the taxable quarter ended September 30, 2000 through the taxable quarter ended September 30, 2004.

11. During the quarters listed above, Plaintiff purchased intrastate, interstate, and international long distance telephone service and other communications services from various communications service providers ("Plaintiff's Services").

12. The communications service providers apparently classified the services sold to Plaintiff as taxable toll telephone service under sections 4251 and 4252(b) of the Code. Consequently, they collected federal communications excise tax from Plaintiff, reported the taxes on IRS Forms 720 and remitted the taxes to the IRS.

13. On October 21, 2003, Plaintiff timely filed claims for refund for the quarter ended September 30, 2000 through the quarter ended June 30, 2003. On March 30, 2004, Plaintiff timely filed claims for refund for the quarters ended September 30, 2003 through December 31, 2003. On April 23, 2004, Plaintiff timely filed a claim for refund for the quarter ended March 31, 2004. On July 27, 2004, Plaintiff timely filed a claim for refund for the quarter ended June 30, 2004. On January 10, 2005, Plaintiff timely filed a claim for refund for the quarter ended September 30, 2004. True and correct copies of these claims for refund are attached hereto as Exhibit B. Plaintiff has reviewed its invoices and determined that it is entitled to a refund with respect to the services provided by its communications service providers.

14. The IRS has not allowed Plaintiff's claims for refund of federal communications excise tax. More than six months have passed since the filing of the refund claims.

15. Section 4251(a) of the Code imposes tax on amounts paid for "communications services." The tax is imposed on the "person paying for such services."

26 U.S.C. § 4251(a)(2).

16. Only those communications services described in section 4252(a), (b) and (c) of the Code are potentially subject to the federal communications excise tax imposed by section 4251 of the Code. 26 U.S.C. § 4251(a) and (b).

17. None of Plaintiff's Services meets the definition of "local telephone service" or "teletypewriter exchange service." 26 U.S.C. § 4252(a) and (c).

18. A service may only be a "toll telephone service" for purposes of the federal communications excise tax if it is described in either section 4252(b)(1) or section 4252(b)(2) of the Code.

19. Section 4252(b)(1) of the Code provides that the term "toll telephone service" means a "telephonic quality communication for which (A) there is a toll charge which varies in amount with the distance and elapsed transmission time of each individual communication and (B) the charge is paid within the United States." 26 U.S.C. § 4252(b)(1).

20. The charges for Plaintiff's Services did not vary in amount with the distance of each individual communication.

21. Accordingly, none of Plaintiff's Services is described in section 4252(b)(1) of the Code.

22. Section 4252(b)(2) of the Code provides that the term "toll telephone service" includes "a service which entitles the subscriber, upon payment of a periodic charge (determined as a flat amount or upon the basis of total elapsed transmission time), to the privilege of an unlimited number of telephonic communications to or from all or a substantial portion of the persons having telephone or radio telephone stations in a specified area which is

outside the local telephone system area in which the station provided with this service is located." 26 U.S.C. § 4252(b)(2).

23. Plaintiff's Services did not entitle Plaintiff to an unlimited number of calls to a specified area outside a local telephone system area for a charge based on a flat fee or elapsed transmission time.

24. Accordingly, none of Plaintiff's Services is described in section 4252(b)(2) of the Code.

25. By reason of the foregoing, Plaintiff has overpaid its federal communications excise tax for the taxable quarters ended September 30, 2000 through September 30, 2004. Defendant has refused to refund any part of the overpayment.

26. The United States has conceded liability with respect to the applicability of the federal communications excise tax in Notice 2006-50 , I.R.B. 2006-25, May 25, 2006 (attached hereto as Exhibit C). Thus, Plaintiff's Services at issue in this complaint are not subject to the federal communications excise tax and Plaintiff is entitled to a refund.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in its favor and against the United States in an amount to be determined at trial, representing overpayment of tax, or such other amount as may be legally refundable, plus interest as provided by law and costs and attorneys' fees, and for such other and further relief as the Court deems equitable and proper.

Dated: August 22, 2006

Respectfully submitted,
By: ______________________

Paul S. Kattas, Esq.
Joseph A. Boyle, Esq.
Jacob J. Miles, Esq.
KELLEY DRYE & WARREN LLP
200 Kimball Drive
Parsippany, New Jersey 07054

Attorneys for Plaintiff
Forest City Services, LLC